FILED

12 JAN -4 PM 12:40

CLERK
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Jason A. Gaza ) | |
|     Plaintiff ) | |
| ) | CIVIL ACTION |
| vs. ) | FILE NO. 8:12-CV-006-T-17EAJ |
| ) | |
| GE Capital Retail Finance Corporation ) | |
|     Defendant ) | |

## COMPLAINT

Plaintiff, Jason A. Gaza, brings this action against Defendant GE Capital Retail Finance Corporation (hereinafter "GE") on the grounds and the amounts set forth herein.

### I. PRELIMINARY STATEMENT

This action arises out of the facts and circumstances surrounding phone calls made to the Plaintiff. Plaintiff, an individual, institutes this action for actual and statutory damages against defendant and the costs of this action Jointly and Severally against the defendant for multiple violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 27 U.S.C. § 227 et seq.

### II. PARTIES

1. Plaintiff is a natural person residing in Spring Hill, Pasco County, Florida.

2. Defendant GE is a Delaware Domestic Corporation engaged in the business of consumer loans with its principal place of business located at 800 Long Ridge Road, Stamford, Connecticut 06927.


$550
TF48998

1

3. Defendant, GE, may be served upon its registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware 19801.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this court because it is a diversity action. The Plaintiff and the Defendant are citizens from two separate states and the relief sought exceeds $75,000. 28 U.S.C. § 1332

5. Venue in this District is proper in that the Plaintiff resides here, the conduct occurred here, and this case qualifies as a diversity action. 28 U.S.C. § 1332

### IV. STATUTORY STRUCTURE TCPA

6. The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") amended the Federal Communications Act, 47 U.S.C. § 151, et seq. ("FCA") to address the use of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages received by cell phones, and the use of fax machines to send unsolicited advertisements.

7. Under the TCPA, "automatic telephone dialing system" (hereafter "ATDS") means equipment which has the capacity—

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers.

    47 U.S.C. § 227 (a)(1)

8. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party)

using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

9. Under the TCPA, a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227 (b)(3).

### V. FACTUAL ALLEGATIONS

10. Shortly before October 12, 2011, the Plaintiff bought a pre-paid cell phone from T-Mobile USA Inc.

11. On or before October 12, 2011, the Plaintiff activated his newly purchased cell phone and was assigned phone number 813-500-0449.

12. On October 12, 2011, the Plaintiff started receiving ATDS phone calls from GE.

13. On October 18, 2011, when a GE representative was queried if the calls were recorded, the representative stated that "all calls are recorded or monitored for quality assurance".

14. From October 12, 2011 to October 15, 2011, the defendant called eight (8) times with an ATDS.

15. On October 15, 2011, the Plaintiff told a representative from GE that they did not have express consent and that the phone calls were costing him money.

16. On October 23, 2011, the Defendant was told again by the Plaintiff that it was a cell phone number and that they did not have express consent.

17. On October 25, 2011, the Defendant was told an additional time by the Plaintiff that they did not have express consent.

18. Despite being told that the Defendant did not have express consent, the Defendant called ninety-two times (92) with an ATDS from October 18, 2011 to December 19, 2011.

19. The phone calls from October 18, 2011 to December 19, 2011 were made with an ATDS and willingly or knowingly that the Defendant did not have express consent to call the Plaintiff's cell phone.

20. All calls from GE were allegedly recorded by GE.

21. Some of the calls were recorded by the Plaintiff, including but not limited to, the phone calls where the Plaintiff reminded the Defendant that they did not have express consent on October 15, 23, and 25 of 2011.

22. The Plaintiff logged and/or took digital images of the alleged phone calls.

23. The Defendant was calling for another party, Matthew Garcia who is not personally known by the Plaintiff.

24. The Defendant did not and does not have express consent to call the Plaintiff because the Plaintiff never provided the Defendant express consent to call that number.

## VI. TCPA VIOLATIONS

25. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violation of the TCPA include, but are not limited to, the following:

26. The actions of Defendant, individually and collectively, violated the TCPA.

27. By the Defendant calling the Plaintiff's cell phone a total of at least one hundred (100) times with an ATDS or pre-recorded messages without express consent, the Defendant violated the TCPA. 27 U.S.C. § 227

28. By the Defendant calling the Plaintiff's cell phone at least ninety-two (92) times out of the total one hundred (100) times with an ATDS after being told the Defendant did not have express consent, the Defendant willfully or knowingly violated the TCPA. 27 U.S.C. § 227

WHEREFOR, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory damages of $4,000 and treble damages of $138,000, totaling $142,000 pursuant to TCPA 47 U.S.C. § 227(b)(3).

(2) Fair and reasonable costs and Attorney's Fees.

(3) Injunctive relief.

(4) Such other and further relief that the Court deems just and proper.

*[signature]*

Jason A. Gaza (Pro Se)
11628 Pilot Country Drive
Spring Hill, FL 34610
813-758-4367
gizmosdaddy.gaza@gmail.com